# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX PAYAN,<br><br>              Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>              Respondent. | Case No. 2:24-cv-06297-MEMF (RAO)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends the denial of the Petition, in which Petitioner seeks credits under the First Step Act ("FSA"), because Petitioner is not eligible for FSA credits due to his final order of removal. (ECF No. 9.) The Report also finds that the Court lacks jurisdiction to review the final order of removal. (*Id.*) Petitioner's reply to the Report (ECF No. 10) does not warrant a change to the Magistrate Judge's findings or recommendations.

\\

**Denial of the Petition on the Merits**

Petitioner argues that government officials were unable to produce a copy of a final order of removal prior to his "FSA release date of April 26, 2024." (ECF No. 10 at 1.) The final order of removal is dated April 26, 2024. (ECF No. 7-2 at 11-12.) To the extent that Petitioner is arguing he had a projected release date of April 26, 2024, he is incorrect. His projected release date was January 21, 2025.[1] (ECF No. 7-2 at 2.) Thus, as the Report found, the final order of removal rendered Petitioner ineligible for FSA credits. (ECF No. 9 at 3.)

Petitioner argues that the law does not permit a Department of Homeland Security officer to place a final order of removal on individuals. (ECF No. 10 at 2.) As the Report found, the Court lacks jurisdiction to review any of Petitioner's challenges to the validity of the final order of removal. (ECF No. 9 at 3.)

Petitioner appears to argue that he should have received FSA credits for the time he was incarcerated before the issuance of the final removal order on April 26, 2024. (ECF No. 10 at 2-3.) To the contrary, because the bar from applying FSA credits was categorical, the final removal order "prevents Petitioner from apply to his sentence even those FSA credits he may have earned prior to becoming subject to the final removal order." *Cabrera-Huato v. USP Lompoc Warden*, 2024 WL 3467801, at *3 (C.D. Cal. June 5, 2024) (citing *Zaman v. Birkholz*, 2023 WL 8039828, at *2 (C.D. Cal. Aug. 18, 2023)).

Petitioner argues that his due process rights were violated because he did not receive a copy of the immigration detainer or the final removal order. (ECF No. 10 at 3.) However, Petitioner cannot show how he was prejudiced from the alleged failure of prison officials to give him copies. He argues that the alleged violation caused him to lose time to seek correction of the loss of his FSA credits and to produce an FSA release date of April 26, 2024. (*Id.*) As the record shows,

---

[1] As discussed below, it also appears from publicly available BOP records that Petitioner was released, which would render the Petition moot.

2

however, his projected release date was January 21, 2025. (ECF No. 7-2 at 3.) And as Report found, Petitioner was not entitled to an earlier release date through FSA credits. (ECF No. 9 at 3.)

**Dismissal of the Petition as Moot, In the Alternative**

The Court independently conducted a public records check of BOP's inmate locator which indicates that Petitioner was released from BOP custody on January 21, 2025. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 11, 2025). For the following reasons, in the alternative of denying the Petition on the merits, the Court could dismiss the Petition as moot.

A federal court's jurisdiction is limited to actual cases or live controversies. *United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). This constitutional limitation to cases or controversies necessarily requires that parties to the litigation have a personal stake in the outcome at all stages of judicial proceedings. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013). Because federal courts are prohibited from adjudicating matters that do not affect the rights of present litigants, a suit is rendered moot when there is no live issue for the court to grant relief upon. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (highlighting that Article III of the U.S. Constitution forbids the issuance of advisory opinions where no live case or controversy exists). When a litigant seeks action from an administrative agency, performance by the agency of the relief sought is sufficient to render the claim moot and absolve the federal court of jurisdiction to adjudicate the suit. *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)).

In bringing this action, Petitioner sought release based on earned-time credits under the FSA. Since the filing of the Petition, it appears Petitioner has been released, although the parties have not so advised the Court. Because it appears he has obtained the relief he sought by initiating this action—namely, release from BOP

custody—it seems that the matter no longer involves a "live controversy," and the Petition is now moot. *Peneueta v. Ricolcol*, No. 2:23-cv-6361-PA-JC, 2024 WL 2884218, at *5 (C.D. Cal. May 21, 2024) (citing *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005)).

For the foregoing reasons, the Petition could, in the alternative, be dismissed without prejudice and all pending motions denied as moot.

## ORDER

It is ordered that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

DATED: February 25, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE